1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUSTIN TYME COFFMAN,

              Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

Case No. EDCV 15-102 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

## I.   SUMMARY

On January 16, 2015, Justin Tyme Coffman ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; February 24, 2015 Case Management Order ¶ 7.

///

///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5          **DECISION**

6    On July 1, 2011, plaintiff filed an application for Disability Insurance

7    Benefits ("DIB").  (Administrative Record ("AR") 19, 176).  On December 10,

8    2012, plaintiff filed an application for Supplemental Security Income.  (AR 19,

9    185).  Plaintiff asserted that he became disabled on March 7, 2007, due to "Bipolar

10   1," fibromyalgia, chronic back and knee pain, tachycardia, ulcers with daily

11   vomiting, anger issues, sleep apnea, and headaches/migraines.  (AR 204).  The

12   Administrative Law Judge ("ALJ") examined the medical record and heard

13   testimony from plaintiff (who was present with a non-attorney representative) and

14   a vocational expert on February 11, 2013.  (AR 40-76).

15   On April 25, 2013, the ALJ determined that plaintiff was not disabled

16   through the date of the decision.  (AR 19-34).  Specifically, the ALJ found:

17   (1) plaintiff suffered from the following severe impairments:  seizure disorder,

18   major depressive disorder, bipolar disorder, and marijuana dependance (AR 21);

19   (2) plaintiff's impairments, considered singly or in combination, did not meet or

20   medically equal a listed impairment (AR 23); (3) plaintiff retained the residual

21   functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b))

22   with additional limitations[1] (AR 24); (4) plaintiff could not perform any past

23

24

─────────────────────

25   [1]The ALJ determined that plaintiff:  (i) could lift and/or carry 10 pounds frequently and

26   20 pounds occasionally; (ii) could sit, stand, and/or walk for six hours out of an eight-hour
     workday; (iii) could frequently stoop, kneel, crouch, and crawl; (iv) was precluded from climbing

27   ladders, ropes, or scaffolds; (v) was precluded from any exposure to hazards, such as machinery
     and heights; (vi) could perform jobs with simple instructions; (vii) was precluded from fast-

28   paced work; (viii) was precluded from maintaining intense concentration for more than two hours
                                                                                    (continued...)

2

1

2    relevant work (AR 31-32); (5) there are jobs that exist in significant numbers in

3    the national economy that plaintiff could perform, specifically housecleaner,

4    packing machine operator, and electronic worker (AR 32-33); and (6) plaintiff's

5    allegations regarding the intensity, persistence, and limiting effects of his

6    subjective symptoms were only partially credible (AR 25).

7         The Appeals Council denied plaintiff's application for review.  (AR 1).

8    **III.    APPLICABLE LEGAL STANDARDS**

9         **A.    Sequential Evaluation Process**

10        To qualify for disability benefits, a claimant must show that the claimant is

11   unable "to engage in any substantial gainful activity by reason of any medically

12   determinable physical or mental impairment which can be expected to result in

13   death or which has lasted or can be expected to last for a continuous period of not

14   less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

15   (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

16   impairment must render the claimant incapable of performing the work the

17   claimant previously performed and incapable of performing any other substantial

18   gainful employment that exists in the national economy.  Tackett v. Apfel, 180

19   F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

20        In assessing whether a claimant is disabled, an ALJ is to follow a five-step

21   sequential evaluation process:

22        (1)    Is the claimant presently engaged in substantial gainful activity?  If

23               so, the claimant is not disabled.  If not, proceed to step two.

24   ///

25   ─────────────────────

26   (...continued)

27   without a five-minute break in focus; and (ix) could maintain only occasional contact with co-

28   workers, supervisors, and the general public.  (AR 24).

3

(2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

4

1 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,

2 and the decision may not be affirmed on a ground upon which the ALJ did not

3 rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.

4 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

5      Substantial evidence is "such relevant evidence as a reasonable mind might

6 accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

7 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

8 less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

9 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

10 supports a finding, a court must "'consider the record as a whole, weighing both

11 evidence that supports and evidence that detracts from the [Commissioner's]

12 conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

13 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can

14 reasonably support either affirming or reversing the ALJ's conclusion, a court may

15 not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing

16 Flaten, 44 F.3d at 1457).

17      Even when an ALJ's decision contains error, it must still be affirmed if the

18 error was harmless.  Treichler v. Commissioner of Social Security Administration,

19 775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

20 inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

21 may reasonably be discerned, even if the ALJ explains the ALJ's decision with

22 less than ideal clarity.  Id. (citation, quotation marks and internal quotations marks

23 omitted).

24      A reviewing court may not make independent findings based on the

25 evidence before the ALJ to conclude that the ALJ's error was harmless.  Brown-

26 Hunter v. Colvin, __ F.3d __, 2015 WL 462013, *3 (9th Cir. Aug. 4, 2015) (No.

27

28

13-15213)[2] (citing <u>Stout</u>, 454 F.3d at 1054); <u>see also</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted).  Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate.  <u>See</u> <u>Marsh</u>, 792 F.3d at 1173 (remanding for additional explanation where ALJ ignored treating doctor's opinion and court not could not confidently conclude ALJ's error was harmless); <u>Treichler</u>, 775 F.2d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

### C.   Evaluation of Medical Opinion Evidence

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); <u>Orn</u>, 495 F.3d at 631 (citations and quotation marks omitted).  An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion.  <u>Garrison</u>, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability.  <u>Magallanes v.</u>

---

[2]The Court takes judicial notice of the Ninth Circuit's docket in <u>Brown-Hunter</u> which reflects that a petition for rehearing is pending in such case. Fed. R. Evid. 201.

1   <u>Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An ALJ may reject

2   the uncontroverted opinion of a treating physician or an examining physician by

3   providing "clear and convincing reasons that are supported by substantial

4   evidence."  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation

5   omitted).  Where a treating or examining physician's opinion is contradicted by

6   another doctor's opinion, an ALJ may reject the treating/examining opinion only

7   "by providing specific and legitimate reasons that are supported by substantial

8   evidence."  <u>Garrison</u>, 759 F.3d at 1012 (citation and footnote omitted).

9   **IV.   DISCUSSION**

10          Plaintiff contends that the ALJ improperly rejected medical opinions

11   provided by multiple treating and examining physicians.  (Plaintiff's Motion at 1-

12   10).  The Court concludes that a remand is warranted because the ALJ's decision

13   is not supported by substantial evidence.

14          Here, the ALJ effectively rejected every medical opinion provided by a

15   treating or examining physician that addressed plaintiff's functional abilities.  (AR

16   29-31) (rejecting and/or giving little weight to medical opinions/notes provided by

17   Dr. Kathryn Guggenheim [AR 303, 323], Dr. Teresa Darling [AR 360-61], Dr.

18   Manzoor Kazi [AR 304], Dr. Seymour Young [AR 359], Dr. Emery Zimmerman

19   [AR 603-10, 650], Dr. Robert Steinberg [AR 669-87, 688-95], and Dr. Roland

20   Chabot [AR 736-42]).  In addition, as the ALJ noted, the opinions provided by the

21   state agency medical consultants – the only other medical opinions in the record –

22   have limited probative value because they addressed the medical evidence only as

23   it relates to plaintiff's DIB claim – *i.e.*, for the period from March 7, 2007 (the

24   date of onset) to March 31, 2008 (the date last insured).  (AR 29) (citing, *inter*

25   *alia*, Exhibits 1A [AR 77-87], 3A [AR 89-98]).  Thus, it appears that the ALJ's

26   residual functional capacity assessment for the period from March 31, 2008,

27   through the date of the decision was based solely on the ALJ's own lay

28   interpretation of the medical records as a whole.  (AR 31) ("In sum, the evidence

1   as a whole supports the residual functional capacity assessed by this decision.").

2   Defendant asserts, without citation to any authority, that "the ALJ was not

3   required to rely on any medical opinion as long as the [residual functional capacity

4   assessment] reflects the relevant evidence within the record as a whole."

5   (Defendant's Motion at 4).  As a lay person, however, "an ALJ is 'simply not

6   qualified to interpret raw medical data in functional terms.'"  Padilla v. Astrue,

7   541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting Nguyen v. Chater, 172 F.3d

8   31, 35 (1st Cir. 1999) (per curiam), and citing Day v. Weinberger, 522 F.2d 1154,

9   1156 (9th Cir. 1975)); see also Manso-Pizarro v. Secretary of Health and Human

10   Services, 76 F.3d 15, 17 (1st Cir. 1996) ("With a few exceptions . . . an ALJ, as a

11   layperson, is not qualified to interpret raw data in a medical record.").

12        Consequently, much of the ALJ's residual functional capacity assessment is

13   not supported by substantial evidence.  See Penny, 2 F.3d at 958 ("Without a

14   personal medical evaluation it is almost impossible to assess the residual

15   functional capacity of any individual."); Brawders v. Astrue, 793 F. Supp. 2d 485,

16   493 (D. Mass. 2011) (citing Perez v. Secretary of Health and Human Services, 958

17   F.2d 445, 446 (1st Cir. 1991) (per curiam) ("[W]here an ALJ reaches conclusions

18   about [a] claimant's physical exertional capacity without any assessment of

19   residual functional capacity by a physician, the ALJ's conclusions are not

20   supported by substantial evidence and it is necessary to remand for the taking of

21   further functional evidence.")); see also Tagger v. Astrue, 536 F. Supp. 2d 1170,

22   1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by

23   medical evidence, particularly the opinion of a treating or an examining

24   physician.") (citations and internal quotation marks omitted); Banks v. Barnhart,

25   434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (same, also noting "[ALJ] must not

26   succumb to the temptation to play doctor and make . . . independent medical

27   findings.") (citations and quotation marks omitted); Winters v. Barnhart, 2003 WL

28   22384784, *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own

1  medical judgment in lieu of that of a medical expert.") (citations omitted);

2  <u>Gonzalez Perez v. Secretary of Health and Human Services</u>, 812 F.2d 747, 749

3  (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings

4  and opinion of a physician") (citation omitted).

5          The Court cannot find the ALJ's error harmless.  As plaintiff notes, several

6  treating and examining physicians opined that plaintiff's impairments would

7  preclude plaintiff from doing any work.  For example, as the ALJ acknowledged,

8  Dr. Steinberg essentially opined that plaintiff had the physical capacity for less

9  than sedentary work and that plaintiff would likely to be absent from work "[m]ore

10 than three times a month" due to his impairments and/or treatment.  (AR 30-31,

11 688-95).  At the hearing, the vocational expert testified that there would be no jobs

12 that plaintiff (or a hypothetical individual with the same characteristics as

13 plaintiff) could do if plaintiff was "absent or off-task 10 percent of the time."  (AR

14 72).  Therefore, the Court cannot confidently conclude that the ALJ's residual

15 functional capacity assessment for plaintiff, and in turn, the ALJ's non-disability

16 decision, would have been the same absent such error.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 30, 2015

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).